UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA LANDRUM<br><br>Plaintiff<br><br>vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.<br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Sonya Landrum, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Sonya Landrum, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant conducts business in this District and maintains their primary office in this District.

### III. PARTIES

4. Plaintiff, Sonya Landrum, is an adult natural person residing at 147 Links Drive, Apt. 38E, Canton, Mississippi 39046. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Phillips & Cohen Associates, Ltd. ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the state of Ohio and the state of New Jersey with a primary address located at 695 Rancocas Road, Westampton, NJ 08060.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about February 17, 2010, Plaintiff started to receive calls from Defendant and their agents collecting on an alleged debt owed on a Sears account for approximately $2,303.00.

8. On that first call, Plaintiff informed Defendant's agent that she had retained the services of the law firm Persels & Associates, LLC to help her with debt negotiations and that she would like them to be called directly on this matter.

9. Defendant's agent, who would not give his name, informed the Plaintiff that they would not work with Persels and that the Plaintiff needed to take care of this debt personally.

10. On or about February 18, 2010, Persels sent a "cease and desist" letter to the Defendant requesting that they update their records to list their firm as the direct contact in this matter. **See Exhibit "A" (letter) attached hereto**.

11. Over the next month, Plaintiff continued to receive calls from Defendant and their agents collecting on this outstanding debt.

12. Plaintiff would continue to inform Defendant that they needed to speak with her attorneys' to work out payment and Defendant continued to refuse to work with Persels.

13. Plaintiff was told that Persels was a scam and that they would not be able to help her take care of this debt.

14. On or about April 5, 2010, Persels sent a second (2nd) "cease and desist" letter to the Defendant. **See Exhibit "B" (letter) attached hereto**.

15. Calls from Defendant continued.

16. On or about May 20, 2010, Defendant called Plaintiff and informed her that they had been trying for over sixty (60) days to reach her and that's she needed to make payment arrangements now.

17. Defendant's agent stated that failure to make payment would cause them to take further action against her.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Phillips & Cohen Associates, LTD. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                    Respectfully submitted,

                                    WARREN & VULLINGS, LLP

**Date: July 29, 2010**          BY: _/s/ Bruce K. Warren_
                                            Bruce K. Warren, Esquire

                                    BY: _/s/ Brent F. Vullings_
                                      Brent F. Vullings, Esquire

                                    Warren & Vullings, LLP
                                    1603 Rhawn Street
                                    Philadelphia, PA  19111
                                    215-745-9800   Fax 215-745-7880
                                    Attorneys' for Plaintiff